

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-16-2008

# Rodriguez-Torres v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1215

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Rodriguez-Torres v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1217.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1217

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1215
_____

JUSTO JACIENTO RODRIGUEZ-TORRES,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A37 158 303)
Immigration Judge:  Honorable Henry S. Dogin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 23, 2008
Before:  MCKEE, NYGAARD and ROTH, Circuit Judges

(Opinion filed: May 16, 2008)
_____

OPINION
_____

PER CURIAM

    Justo Jaciento Rodriguez-Torres petitions for review of a Board of Immigration

Appeals ("BIA") decision denying his motion to reopen his immigration proceedings.

We will dismiss the petition for review.

Rodriguez-Torres is a native and citizen of the Dominican Republic. He came to the United States in 1981 as an immigrant. In 1997, Rodriguez-Torres applied for admission to the United States as a returning resident. At that time, an order to show cause was issued charging that he was subject to deportation based upon a 1988 conviction in New York state court for criminal possession of a weapon in the third degree.

In 2000, the Immigration Judge ("IJ") denied Rodriguez-Torres' motion to terminate the proceedings and ordered his deportation. The IJ found him ineligible for suspension of deportation because he had not maintained a continuous physical presence here for ten years following the commission of his crime, as required by statute. The IJ also found him ineligible for a waiver under Section 212(c) of the Immigration and Nationality Act. In 2003, the BIA affirmed the IJ's decision without opinion. The BIA also denied Rodriguez-Torres' subsequent motion to reopen the proceedings.

In 2004, the BIA granted a joint motion by Rodriguez-Torres and the Department of Homeland Security to reopen and remand the proceedings to determine Rodriguez-Torres' eligibility for suspension of deportation based upon a BIA decision holding that a firearms offense does not stop the accrual of continuous residence for purposes of that form of relief. On remand, however, Rodriguez-Torres admitted that he had a 2004 felony conviction in New Jersey state court for theft of movable property, which made him ineligible for suspension of deportation. Rodriguez-Torres sought cancellation of

removal, but he acknowledged that, unless the Government "repapered" his case, he was not eligible for this form of relief.[1] The Government stated that it was unable to repaper the case because the applicable regulations were not in effect. The IJ again ordered Rodriguez-Torres' deportation.

In March 2006, the BIA dismissed Rodriguez-Torres' appeal. Although Rodriguez-Torres asserted that the repapering regulations had now been issued, and he was eligible for cancellation of removal, the BIA found that it could not afford relief involving the discretion of the Department of Homeland Security. The BIA also noted that Rodriguez-Torres was not in a favorable position to ask the Department to agree to hold the proceedings in abeyance given his 2004 theft conviction. The BIA further stated that repapering was not available to Rodriguez-Torres, and that the IJ's denial of suspension of deportation due to his 2004 conviction was correct.

In November 2006, Rodriguez-Torres sought to reopen the proceedings based upon a pending petition for an alien relative filed on his behalf by his daughter, who had turned twenty-one years old in April 2006. Rodriguez-Torres asserted that he was eligible for adjustment of status upon approval of the petition, and that the BIA should sua sponte reopen the proceedings so that he could pursue relief from removal.

---

[1]"Repapering" refers to an election by the Attorney General to terminate deportation or exclusion proceedings pending on the IIRIRA's enactment date, and to reinitiate proceedings under the IIRIRA. See Rojas-Reyes v. INS, 235 F.3d 115, 125 (2d Cir. 2000) (explaining repapering). The effect of being repapered is to make an alien who was ineligible for suspension of deportation potentially eligible for cancellation of removal. Id.

In December 2006, the BIA denied the motion to reopen as untimely because the 90-day time period for filing the motion had expired in June 2006. The BIA concluded that no exceptional situation warranted reopening sua sponte, noting that Rodriguez-Torres' daughter had turned 21 years old in April 2006, and that she could have filed a visa petition on his behalf before the motion deadline.

Rodriguez-Torres raises four issues for our review. He argues that he is now prima facie eligible to adjust his status because the petition for alien relative filed on his behalf was approved on March 29, 2007. He also argues that the BIA erred in its March 2006 decision by finding him ineligible for suspension of deportation based on his 2004 conviction. Rodriguez-Torres further argues that the BIA abused its discretion in denying his motion to reopen sua sponte because exceptional circumstances warranted reopening. Finally, Rodriguez-Torres contends that the BIA violated the Administrative Procedures Act, the Immigration and Naturalization Act, and his due process rights because the Department of Homeland Security denied him the ability to repaper his case.

We must first address our jurisdiction to entertain the petition for review. The Government correctly argues that we lack jurisdiction to review the BIA's March 2006 decision. Rodriguez-Torres' petition for review is only timely with respect to the BIA's order denying his motion to reopen. See Stone v. I.N.S., 514 U.S. 386, 405-06 (1995).[2] Thus, we lack jurisdiction to consider Rodriguez-Torres' arguments that the BIA erred in

_____

[2]Rodriguez-Torres did file a petition for review of the March 2006 decision, but that petition was dismissed for lack of prosecution.

4

its March 2006 decision by finding him ineligible for suspension of deportation, and that the BIA violated the Administrative Procedures Act, the Immigration and Naturalization Act, and his due process rights because he was denied the ability to repaper his case.

Because Rodriguez-Torres is removable under 8 U.S.C. § 1227(a)(2)(C) based on his commission of a firearms offense, we also lack jurisdiction to review the denial of his motion to reopen, except to the extent it raises constitutional claims and questions of law. Cruz v. Attorney General, 452 F.3d 240, 246-47 (3d Cir. 2006). In his brief, Rodriguez-Torres disputes the BIA's finding of no exceptional circumstances given that his daughter could have filed her visa petition before the time to file a motion to reopen expired. He contends that his daughter could not have filed her petition earlier because she had difficulty obtaining a birth certificate reflecting that he is her father. Rodriguez-Torres's argument that the BIA erred in finding him legally ineligible for relief is within our jurisdiction. *Cruz*, 452 F.3d at 250. However, to the extent that Rodriguez-Torres argues that his daughter's inability to obtain a birth certificate constitutes an exceptional circumstance, his claim is based on evidence not in the administrative record that is therefore beyond the scope of our review. *McAllister v. Attorney General*, 444 F.3d 178, 190 (3d Cir. 2006). The evidence in the administrative record shows only that his daughter filed a visa application after the deadline to reopen had passed, and we can find no support for the claim that the existence of a late-filed pending visa application constitutes an

exceptional circumstance.[3]

Finally, Rodriguez-Torres' argument that he is now eligible for an adjustment of status based on an approved petition for alien relative is not properly before us. We may not consider evidence outside the administrative record. *McAllister, 448 F.3d at 190.*

For the foregoing reasons, we will deny the petition for review. The Government's motion to dismiss is granted.

---

[3]We need not address the Government's other jurisdictional arguments because jurisdiction is lacking on this basis.   6